# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DELONTE KINGSBERRY, # 230-915 | * | |
| Petitioner | * | Civil Action No. AW-12-1556 |
| v. | * | |
| STATE OF MARYLAND | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

Pending is Delonte Kingsberry's Motion for Judgment or Relief from the 2007 Order dismissing his Petition for Writ of Habeas Corpus as time-barred. For reasons to follow, the Motion will be denied.

## BACKGROUND

In 2006, Kingsberry filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his convictions in 1993 in the Circuit Court for Prince George's County for first-degree felony murder, second-degree murder, robbery with a deadly or dangerous weapon, robbery, and use of a handgun in the commission of a crime of violence. Civil Action No. AW-06-2855.  Kingsberry posited in the Petition that equitable tolling should excuse his untimely filing because his counsel provided ineffective assistance. On January 23, 2007, this Court dismissed the Petition as time-barred.

On May 22, 2012, Kingsberry filed the instant Motion pursuant to Rule 60 (b)(5) of the Federal Rules of Civil Procedure,[1] asserting the Supreme Court's recent decision in *Martinez v.*

---

[1] Kingsberry, who is self-represented, states only that the Motion is brought "pursuant to Civil Judicial Procedure and Rules [sic] 60(b)(5)." Motion, p. 1.  The Court assumes he intends to bring the Motion under Rule 60(b)(5) of the Federal Rules of Civil Procedure.

*Ryan,* _U.S._ 132 S.Ct. 1309 (March 20, 2012) warrants awarding the relief that he requested in his long-closed habeas case from 2006.

## DISCUSSION

Rule 60 (b)(5) of the Federal Rules of Civil Procedure provides the Court may relieve a party from a final judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable" Fed R.Civ. P 60(b)(6). Kingsberry demonstrates no new or different facts or circumstances, newly discovered evidence, or mistake, inadvertence, surprise, or excusable neglect to warrant relief, nor has he shown an earlier judgment was reversed, vacated or its prospective application is inequitable.

Consideration of Kingsberry's 2006 Habeas Petition was limited to the threshold issue of timeliness. The Petition was filed outside the one-year limitations period for § 2254 petitions, and this Court found no grounds to apply equitable tolling. *Martinez* held was that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." *Martinez,* _ U.S. __, 132 S. Ct. 1309, 2012 WL 912950 at *5. *Martinez* did not address equitable tolling in the context of ineffective assistance of counsel and provides no relief here.

To the extent Kingsberry intends to file his Motion as a second or successive § 2254 Petition, this Court may not consider it unless he has obtained pre-filing authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b) (3)(A). Further, the Petition provides no basis for issuance of a Certificate of Appealability (COA). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c) (2). The defendant "must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). This Motion does not meet this standard. Denial of a Certificate of Appealability does not prevent Kingsberry from seeking permission to file a successive petition, or pursuing her claims after obtaining such permission.

## CONCLUSION

Kingsberry provides no cause to disturb the Court's dismissal of his Petition for Writ of Habeas Corpus as time-barred.  A separate Order follows.


Date:  June 4, 2012                                          /s/
                                                     Alexander Williams, Jr.
                                                     United States District Judge